# A. Kennedy and Wife, in Right of the Wife, Plffs. in Err., v. John Wible.

A claim of parol gift of land from a father to a son will, as against a subsequent mortgagee of the donor, be evidence of adverse possession, which, continued for twenty-one years, will be a good defense to ejectment brought by the mortgagee; and it is immaterial that during a portion of the time the land was assessed for taxation in the name of the father.

A mortgagee of land in the exclusive possession of a third person is affected with notice of the title of such third person.

Where, in 1854, a son went into possession of land vested in the name of his father, and the son erected a house and farmed the land as his own, the declarations of the father and of the son and the understanding of their neighbors are evidence admissible to show a gift and actual, continued, and adverse possession by the son for more than twenty-one years preceding a writ of ejectment; and where the father and donor made a mortgage in 1874 of other lands, and, perhaps, including in whole or in part the land so occupied by the son, and during a portion of the time the land so occupied by the son was assessed for taxation in the name of the father, the facts were properly left to the jury to determine whether the mortgage in fact covered the lands in question, and whether the son by actual, continued, and adverse possession had acquired title as against the mortgagee, in an action of ejectment brought in 1884.

(Argued October 11, 1887. Decided October 31, 1887.)

October Term, 1887, No. 77, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Armstrong County to review a judgment 'in favor of defendant in ejectment. Affirmed.

In 1839 Isaac Wible became seised of certain land in Armstrong county; and in 1854 his son, John Wible, the defendant, went into possession of a portion thereof, erected a house, and

NOTE.—A mortgage of property, by one who has divested himself of his title thereto, is not enforceable against the grantee in possession. Berryhill v. Kirchner, 96 Pa. 489. The rule is otherwise where the deed is unrecorded, and the facts are not such as to furnish notice to the mortgagee. Farmer v. Fisher, 197 Pa. 114, 46 Atl. 892. The defense of lack of title in the mortgagor is not available to a scire facias on the mortgage, since only the mortgagor's interest can be sold, but advantage of the defect may be taken in an action of ejectment by the sheriff's vendee. Faucett v. Harris, 185 Pa. 164, 39 Atl. 842; Pennsylvania Co. for Ins. on Lives & G. A. v. Beaumont, 190 Pa. 101, 42 Atl. 522.

farmed the land, and so continued in possession to the time of the issuing of this writ in 1884, except during eighteen months, in 1882 and 1883, when he rented the premises.   February 7, 1874, Isaac Wible made a mortgage to the plaintiff of certain lands in Armstrong county; and in 1882 the plaintiff foreclosed the mortgage and became the purchaser at the sheriff's sale. At the sheriff's sale the defendant gave notice that the land described in the mortgage did not include the land so occupied by him.   The land in question was assessed for taxation during a part of the time in the name of Isaac, and the remainder of the time in the name of John.   In 1876 and 1877 both John and Isaac made oil leases of the land in question.

On August 20, 1884, the plaintiff brought this action of eject ment.   The description in the writ was as follows:  Beginning at a stone corner, thence by lands of George S. Rohrer, south 89¾ degrees west 117 8/10 perches to a post; thence by lands of the plaintiff, of which this is a part, and Robert Wible, ¾ degrees west 88 6/10 perches to a maple; thence by land now owned by Bowser Bros. and James Noble's heirs north 89¾ degrees west 114 perches to a post; thence by land of Thomas Hays south ¼ degree west 89 5/10 perches to stone, the place of beginning.

The land claimed by defendant was described as follows: "Commencing at a maple tree as the northeast corner, thence south 88¾ degrees west 117 5/10 perches to a stone pile; thence south 1¼ degrees east 89 5/10 perches to stone corner; thence north 88½ degrees east 119½ perches to a post corner, adjoining H. and I. Brown on the north, property formerly David Reed on the west, lands of Wilson Reed and J. Reed, formerly Wible and Colwell, and lands of Isaac Wible on the south, and formerly Isaac Wible on the east and Robert Wible on the east."

On the trial, the court admitted evidence of the declarations of Isaac and John Wible and the testimony of neighbors as to their understanding with respect to the ownership of the land, and submitted to the jury to determine whether the mortgage covered the land in question, and whether John went into pos- session of the same under a parol gift from his father, and whether his possession was actual, notorious, contingent, and adverse.

The jury found for defendant; and the plaintiffs brought this writ of error, assigning as errors the general charge of the court,

the refusal of plaintiffs' fourth, ninth, tenth, and eleventh points, and the affirming of defendant's fourth, fifth, sixth, and seventh points, respectively, as follows:

Plaintiffs' points:

9. The alleged title of John Wible is wholly dependent upon an alleged gift of the land in dispute to him by his father. If a gift at all it was by parol and in violation of the statute of frauds and perjuries, and therefore could be recalled by the donor at any time within twenty-one years. The transferring of the land by a legal transfer to another was a cancelation of the gift and destroyed the adverse possession of John Wible without having actually ejected him from the land.

10. The evidence in the cause is not sufficient to constitute a title to the land in John Wible under the statute of limitations; and if the jury believe the land in dispute was included in the mortgage given by Isaac Wible to Mary J. Kennedy the verdict must be for the plaintiffs.

11. If the jury believe the land in dispute is covered by the mortgage offered in evidence, and that, at the time of the execution of the said mortgage by Isaac Wible to Mary J. Daughterty, to wit, February 7, 1874, the defendant, John Wible, had not been in possession of the land in dispute for a period of twenty-one years, then they are instructed that the execution and delivery of the mortgage of Isaac Wible was a cancelation and destruction of any gift which Isaac Wible may have made to his son John, the defendant; and the said defendant's possession prior to that time was reduced from hostile, independent, and adverse possession to that of a tenant at will or sufferance, and cannot avail the defendant to support a title under the statute of limitations against the mortgagee.

Defendant's points:

4. While the mortgage does describe the land included therein as bounded on the west by lands late of David Reed, and this description applies to the west side of the land claimed by the defendant, yet if the jury find from the evidence that lands late of David Reed applies also to other lands in which the mortgagor, Isaac Wible, had an interest, the presumption of law would be that boundary also applied to such lands of Isaac Wible and not to the land of the defendant.

5. If the jury find from the evidence that the defendant held an actual, continuous, exclusive, notorious, and adverse posses-

sion and enjoyment of the land in controversy with the knowledge and acquiescence of Isaac Wible, the owner of the inheritance, for twenty-one years, then that would be presumptive evidence of a grant or otherwise by Isaac Wible, and the title of the defendant would be good as against the world.

6. If the jury find from the evidence that the defendant. moved on the land in suit with his wife into a house erected. thereon by himself under a claim of right in the fall of 1854,. and held the actual, distinct, exclusive, notorious, and hostile· possession of the land included in the boundaries described by a number of the defendant's witnesses for a period of twenty-one years from that time, then he would have acquired in the· fall of 1875 a good title to that land under the statute of limitations.

7. If the jury find from the evidence that the defendant had acquired title under the statute of limitations, as stated in the preceding point, then the fact that the land in controversy was not assessed to him, if such be the fact, would not have any effect on such title.

*Buffington & Buffington* and *McCain & Leason,* for plaintiffs in error.—The court erred in leaving to the jury questions of law as well as the facts. Cook v. Mackrell, 70 Pa. 12; Keating v. Orne, 77 Pa. 89; Potts v. Wright, 82 Pa. 498; Mead v. Conroe, 113 Pa. 220, 8 Atl. 374; Poorman v. Kilgore, 26 Pa. 372,. 67 Am. Dec. 524; Irwin v. Irwin, 34 Pa. 525; Overmyer v.. Koerner, 2 W. N. C. 7; Moore v. Small, 19 Pa. 469; Ackerman v. Fisher, 57 Pa. 459; Cauffman v. Long, 82 Pa. 72.

We admit that possession of the land by another than the· mortgagor would be notice to the mortgagee; but the evidence· should be stronger where the relation of father and son exists. Ackerman v. Fisher, 57 Pa. 459; Hugus v. Walker, 12 Pa. 174; Poorman v. Kilgore, 26 Pa. 372, 67 Am. Dec. 524.

A secret title could not affect the mortgagee. Heister v. Fortner, 2 Binn. 40, 4 Am. Dec. 417; Cover v. Black, 1 Pa. St. 493; Martin v. Jackson, 27 Pa. 509, 67 Am. Dec. 489.

Evidence of the declarations of the party in possession, in some circumstances, is admissible in his own behalf—to show how he claimed, or the extent of his claim, but not to show that he had paid for the property, or that it had been vested in him by deed or otherwise. Feig v. Meyers, 13 W. N. C. 126.

The admission of irrelevant testimony is not cured by a direction to disregard it. Pennsylvania R. Co. v. Books, 57 Pa. 339, 98 Am. Dec. 229; Huntingdon & B. T. Mountain R. & Coal Co. v. Decker, 82 Pa. 119.

*David Barclay* and *W. D. Patton,* for defendant in error.— The evidence of parol gift was admissible for the purpose of establishing the adverse character of the possession. Graham v. Craig, 81* Pa. 459; Campbell v. Braden, 96 Pa. 388; Braden v. Campbell, 1 Sad. Rep. 104 (second trial); Ewing v. Ewing, 96 Pa. 381.

The admission of improper evidence is no cause for reversing a judgment if the court afterward peremptorily instructs the jury that it is insufficient to establish the fact for which it was given. Hood v. Hood, 2 Grant Cas. 229.

Where evidence has been improperly admitted and withdrawn, its admission is not the subject of a writ of error. Miller v. Miller, 4 Pa. 317; Unangst v. Kraemer, 8 Watts & S. 401.

PER CURIAM:

This thing of attempting to take from a man land which he has claimed and peaceably occupied for more than thirty years, is a serious undertaking, and generally, as in this case, results in failure. The learned judge charged more favorably for the plaintiff than he had a right to require. An absolute and perfected gift from Isaac Wible to his son John was not necessary to the perfection of John's title under the statute. If he entered even under the pretense of a gift, and thenceforward claimed the property as his own, it would be sufficient if the other requisites of the statute were complied with.

Nor can the exceptions to evidence be sustained; his own declarations while in possession of the premises, as well as the understanding of his neighbors, were proper evidence of the character of his claim.

The judgment is affirmed.